UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSEPH M.,                                    )
                                              )
          Plaintiff                           )
                                              )
v.                                            )          2:23-cv-00226-NT
                                              )
KILO KIJAKAZI, Acting Commissioner            )
of Social Security,                           )
                                              )
          Defendant                           )

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

Defendant's final decision is the February 28, 2023, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-9).[1] The ALJ's decision tracks the familiar five-

---

[1] Because the Appeals Council found no reason to review that decision (R. 734), Defendant's final decision is the ALJ's decision.

step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease (DDD), obesity, venous insufficiency, lymphedema, diabetes mellitus, hypertension and hyperlipidemia. (R. 740.) The ALJ further found that Plaintiff has the residual functional capacity to perform light work, as defined by 20 C.F.R. § 404.1567(b), except in an eight-hour day Plaintiff can sit for six hours; stand and/or walk for six hours in two hour increments, occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; no unprotected heights or heavy moving machinery, and no tools that vibrate. (R.742.)

The ALJ determined that Plaintiff could perform past relevant work of receptionist and telemarketer. (R. 29.)  Based on the RFC finding, Plaintiff's age, education, work experience, and the testimony of the vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy.  In addition to the past relevant work experience, Plaintiff can perform the representative occupations of price marker, collator operator, and cashier. (R. 751.)

### STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome.  *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*,

819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

DISCUSSION

Plaintiff argues the ALJ erred when she failed to consider properly vocational evidence that Plaintiff would require a bariatric chair in the workplace. According to Plaintiff, the need for a bariatric chair would substantially reduce the number of jobs available for Plaintiff in the national economy.  Plaintiff also contends that the ALJ's RFC determination is too vague to permit a finding that Plaintiff could work a 40-hour week.

**A.     Bariatric Chair**

At step 5, Defendant must demonstrate that work exists in significant numbers in the national economy that Plaintiff can perform, considering Plaintiff's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1512, 404.1560(c).

At the administrative hearing, the vocational expert testified that Plaintiff would need to sit given Plaintiff's impairments and that the need for a bariatric chair would decrease the number of representative occupations available. (R. 800-801.) Following the hearing, Plaintiff filed the affidavit of David Meuse, a vocational expert, who asserts that bariatric chairs are typically not provided in the workplace absent a need and thus would

be considered an accommodation.  The ALJ found that Plaintiff "can perform past relevant work, as well as the other work in the national economy… even with the need for bariatric seating or additional space due to his weight." (R. 752.)

Plaintiff argues a bariatric chair is an accommodation under the Americans with Disabilities Act (ADA) and cannot be considered at step 5 when assessing a claimant's ability to work. See SSR 11-2p at *9 (clarifying that an ability to work with an accommodation "must not be considered as grounds" for finding ability to work at step five).  The ALJ considered the alleged need for a bariatric chair as an "additional limitation." (R. 751.)

Whether a bariatric chair is an accommodation or an additional limitation, however, is not dispositive.  The Court in *Rebecca B. v. Saul*, 2:20-cv-00154-JDL, 2021 WL 15654402 at *3 (D. Me. Apr. 21, 2021) (quoting *Higgins v. Comm'r, Soc. Sec. Admin.*, 898 F.3d 793, 796-97 (8th Cir. 2018) explained:

> It makes no difference that a particular workplace modification, such as a bariatric chair, must be called an 'accommodation' or even a 'reasonable accommodation.' The use of the phrase is immaterial. It also makes no difference that a particular modification or accommodation is offered because the ADA requires employers to do so. What matters is the functional workplace as it actually exists. If a particular modification or 'accommodation' has become prevalent and is commonly offered—whether considered required by the ADA or not—an ALJ may, of course, consider this evidence in making [his or her] determination.

At the administrative hearing, the ALJ asked the vocational expert the appropriate question – how the job numbers would be impacted if a person with Plaintiff's limitations needed bariatric seating. (R. 796.)  *See Rebecca B.*, 2021 WL 1565402 at *3 ("An ALJ may properly rely on VE testimony regarding how a needed modification impacts the

4

number of jobs available to a claimant.") The VE testified that the need for a bariatric chair would not change the job numbers for the price marker or the collator operator, but the cashier positions might be limited by the space needed for the chair. (R. 797.) The VE opined that the cashier positions would be reduced by about 50% to account for the positions, for example in a parking garage, where there would not be enough space for a bariatric chair. (R. 797.)

Plaintiff argues the VE did not provide a basis for her 50% reduction, the VE's experience was negligible, and the numbers are unsupported. Plaintiff cites *Travis H. v. Saul*, No. 1:19-cv-00374-NT, 2020 WL 5819535 at *6, where this Court found "the record lack[ed] an adequate foundation for the vocational expert's opinion as to the number of jobs available in the national economy" when the expert testified that the number of jobs would be reduced by one-half to accommodate the plaintiff's walk/stand limitation. Unlike in *Travis H*., upon questioning by the ALJ, the VE demonstrated a familiarity with the relevant job conditions and explained the reasons the job numbers would be reduced for the cashier position but not for the price marker and collator positions. (R. 796-98.) The record includes a sufficient foundation for the VE's opinions. Contrary to Plaintiff's argument, the ALJ's reliance on the VE testimony is supportable.

**B.      Sit/Stand/Walk Limitation**

The ALJ found, as a part of the RFC, that Plaintiff "can sit for 6 hours; stand and/or walk for 6 hours in two increments." (R. 742.) Plaintiff argues the ALJ's finding lacks sufficient specificity and support in the record.

The ALJ's finding is based in part on the assessment of Nitin Paul Dhiman, M.D.,

who, after reviewing the evidence, testified that Plaintiff's functional limitation for "Sitting, standing, and walking" was "sitting six hours, standing and walking six hours in any combination [and that the] standing and the walking should be done in two-hour increments." (R. 789.) Plaintiff contends the assessment is ambiguous and could be interpreted to mean that Plaintiff is limited to working a six-hour day, which would not support the necessary finding that Plaintiff could work full-time. Plaintiff's argument is unpersuasive. A fair reading of Dr. Dhiman's opinion is that during any six-hour period, Plaintiff can sit, stand, or walk in any combination, but that he should not stand/walk for more than two hours at a time. Dr. Dhiman's opinion does not suggest that Plaintiff could only work for six hours each day. Furthermore, the ALJ found the opinion of Donald Trumbull, M.D., a state agency consultant who determined that Plaintiff could sit for six hours in an eight-hour day, to be largely persuasive. (R. 748.) In sum, the ALJ supportably relied on the opinions of Drs. Dhiman and Trumbull to conclude that Plaintiff could work an eight-hour day with the limitations described by the ALJ.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of January, 2024.